# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

ROBERT SHARPE,

     Plaintiff,

v.

                                                     CASE NO:
                                                     HON:

CITY OF DETROIT, CITY OF GROSSE POINTE PARK, ANTHONY FLETCHER, and RYAN WILLMER, in their individual and official capacities,

     Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>KRYSTINA R. DOSS (P77365)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>krystina.doss@cjtrainor.com<br>shawn.cabot@cjtrainor.com | |

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **ROBERT SHARPE**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. That Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2.      That Defendant CITY OF DETROIT is a municipal corporation and governmental subdivision organized under the laws of the State of Michigan.

3.      That Defendant CITY OF GROSSE POINTE PARK is a municipal corporation and governmental subdivision organized under the laws of the State of Michigan.

4.      That Defendant ANTHONY FLETCHER is and/or was a detective and/or police officer employed by the Detroit Police Department and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

5.      That Defendant RYAN WILLMER is and/or was a detective and/or police officer employed by the Grosse Pointe Park Department of Public Safety and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

6.      All relevant events giving rise to this lawsuit occurred in the County of Wayne, State of Michigan.

7.      That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment of the United

States Constitution, and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

8. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights].

9. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## FACTS

10. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

11. That Plaintiff is a Manager of Caro Carriers L3C, a Michigan limited liability company.

12. That on January 10, 2016, Caro Carriers L3C, as lessee, entered into an Equipment Lease Agreement with Nations First Capital, LLC, d/b/a Go Capital Leasing, a California limited liability company, as lessor, for the lease of a 2016 Kaufman 43-foot three-car gooseneck vehicle trailer. Plaintiff signed the Equipment Lease Agreement on behalf of Caro Carriers L3C.

13.    That on April 9, 2020, Paige Morgan, an employee and/or representative of Go Capital Leasing, contacted the Detroit Police Department alleging that an unknown individual had committed fraud against Go Capital Leasing by allegedly providing false information and/or failing to make payments pursuant to the Equipment Lease Agreement.

14.    That the fraud complaint was investigated by the ACTION Task Force. Upon information and belief, the ACTION Task Force is a multi-jurisdictional law enforcement unit tasked with investigating motor vehicle theft in the Detroit, Michigan area. Upon further information and belief, Defendant WILLMER and/or Defendant FLETCHER are and/or were assigned to the ACTION Task Force.

15.    That Defendant WILLMER believed that Caro Carriers L3C had not made a lease payment under the Equipment Lease Agreement since October 2019.

16.    That Caro Carriers L3C actually made or attempted to make lease payments in January 2020, February 2020, and March 2020.

17.    That Defendant WILLMER observed Plaintiff's address on several separate occasions and checked several trailers located at the address but failed to identify the trailer allegedly belonging to Go Capital Leasing.

18. That on or about June 30, 2020, Defendant WILLMER located three Kaufman trailers parked on property located in the City of Detroit.

19. That Lewisha Collette McVay informed Defendant WILLMER that she leased this property from the City of Detroit and, in turn, she leased at least a portion of the property to Plaintiff.

20. Defendants WILLMER and FLETCHER searched the property and located what they believed to be the trailer allegedly belonging to Go Capital Leasing.  Defendants WILLMER and FLETCHER could not locate a vehicle identification number, license plate, or GPS unit on the trailer to provide a positive identification.

21. That Plaintiff arrived at the property and purportedly acknowledged to Defendant WILLMER that he owned the trailers located on the property and that one of the trailers was leased from Go Capital Leasing.

22. That Defendant WILLMER and/or Defendant FLETCHER had one of Plaintiff's trailers towed to a government impound yard in Saint Clair Shores, Michigan.

23. That, on July 1, 2020, Plaintiff provided Defendant WILLMER with email proof that, prior to the complaint and investigation in this case, he had informed Go Capital Leasing that the vehicle identification number sticker had fallen off the trailer at issue in 2019.

24.     That despite the complete absence of probable cause to arrest and/or charge Plaintiff with any crime arising from these circumstances, a felony warrant for his arrest was issued on or about July 1, 2020, and he was arrested, jailed for one day, and released on $7,500 bond.

25.     That on or about September 10, 2020, Plaintiff was charged in the 36th District Court for Wayne County with three felony counts: (1) receiving and concealing stolen property valued at more than $1,000.00 but less than $20,000, MCL 750.535(3)(a); (2) larceny by conversion of a trailer valued at more than $1,000.00 but less than $20,000, MCL 750.362a(3)(a); and (3) concealing or misrepresenting the identity of a motor vehicle with the intent to mislead, MCL 750.415(2).

26.     That at the preliminary examination on March 2, 2021, District Court Judge Kenyetta Stanford Jones dismissed all the criminal charges against Plaintiff.

## COUNT I:
## VIOLATIONS OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION 42 U.S.C. § 1983 AS TO DEFENDANTS FLETCHER AND WILLMER

27.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

28.   At all times herein, the individual Defendants acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

29.   Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures, mainly to be free from unlawful arrests.

30.   The actions of Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

31.   Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free to unlawful searches and seizures.

32.   As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees as set forth in 42 U.S.C. §

1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

**COUNT II**
**DEFENDANTS CITY OF DETROIT AND CITY OF GROSSE POINTE PARK - CONSTITUTIONAL VIOLATIONS**

33. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

34. Defendants CITY OF DETROIT and CITY OF GROSSE POINTE PARK acted recklessly and/or with deliberate indifference to the obvious and/or known risks to Plaintiff's safety, health, reputation, and/or liberty when it practiced and/or permitted customs and/or practices which resulted in violation of Plaintiff's constitutional rights complained of herein.

35. These unlawful customs, policies, and/or practices included, but were not limited to, the following:

    a.    failing to adequately train and/or supervise its employees so as to prevent violations of citizens' constitutional rights;

    b.    failing to adequately train and/or supervise its employees regarding reasonable seizures, including lawful arrest;

c.      failing to supervise, review, and/or discipline employees whom Defendants knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its employees to engage in illegal conduct; and

d.      failing to adequately train and/or supervise its employees in the proper policies and procedures for establishing probable cause to arrest.

36.    Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

37.    The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's clearly established constitutional rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages together with interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00 00) exclusive of interests, costs, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY:**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
KRYSTINA R. DOSS (P77365)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650 / (248) 698-3321-fax
krystina.doss@cjtrainor.com
shawn.cabot@cjtrainor.com

Dated:  November 17, 2022
*SCC/jaa*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT SHARPE,

      Plaintiff,

v.                                         CASE NO:
                                         HON:

CITY OF DETROIT, CITY OF GROSSE POINTE PARK, ANTHONY
FLETCHER, and RYAN WILLMER, in their individual and official capacities,

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>KRYSTINA R. DOSS (P77365)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650 / (248) 698-3321-fax<br>krystina.doss@cjtrainor.com<br>shawn.cabot@cjtrainor.com | |

**DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, **ROBERT SHARPE**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY:**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
KRYSTINA R. DOSS (P77365)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650 / (248) 698-3321-fax
krystina.doss@cjtrainor.com
shawn.cabot@cjtrainor.com

Dated:  November 17, 2022
*SCC/jaa*